# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH STURGES,<br><br>Defendant. | Case No. CR09-3031<br><br>ORDER FOR PRETRIAL DETENTION |

On the 31st day of July, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## RELEVANT FACTS

On July 22, 2009, Defendant Joseph Sturges was charged by Indictment (docket number 2) with being a felon in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on September 28, 2009.

Cerro Gordo County Deputy Sheriff Tammy Cavett testified regarding the incident which gives rise to the instant charge. On March 13, 2008, Defendant became upset, retrieved a handgun from his home, and shot it in the air. As Joel Peterson was leaving the property, Defendant shot the gun toward the moving vehicle. Defendant then grabbed his girlfriend, Shari Kisner, by the hair and kicked her. Defendant shot the handgun several times toward Kisner's head, missing her by inches. Their children, ages two and four, were watching nearby. Defendant told the children that if they did not go inside, he would kill them. Kisner then went for help, and law enforcement authorities subsequently found Defendant hiding in a machine shed.

1

According to the pretrial services report, Defendant was arrested that day and charged in state court with domestic abuse assault (Count 1), two counts of going armed with intent (Counts 2 and 3), possession of a firearm as a felon (Count 4), and child endangerment (Count 5). Apparently, Defendant pleaded guilty to Counts 1 and 4, Counts 2 and 5 were dismissed, and Defendant was acquitted by a jury on Count 3. Defendant received suspended prison terms on Counts 1 and 4, with a condition of probation being that the Defendant complete the residential violators program in Newton. Defendant was discharged from the program on March 31, 2009 and has been under "intensive supervision" since then.

According to the pretrial services report, Defendant is 27 years old and has lived in the northcentral Iowa area all of his life. Defendant has never been married, but has been living with Shari Kisner for the past seven years. They have two children, now ages five and three. For the past six years, Defendant has been employed as a truck driver at his uncle's trucking company. Defendant earned a GED while in the violators program.

Defendant told the pretrial services officer that he "experimented" with methamphetamine five years ago, but said that he has not used it since then. Defendant admitted, however, that he was a "heavy" consumer of alcohol during the five years prior to his arrest on March 13, 2008. Defendant was incarcerated from March 13, 2008 to March 31, 2009, and told the pretrial services officer that he has not used alcohol during the four months since his release from the violators program.

While at the violators program, Defendant did not pose a discipline problem and was compliant with the facility's rules and regulations. According to his counselor, Defendant was "proactive in his efforts" in successfully completing the program. *See* Defendant's Exhibit A. Since his release from the violators program, Defendant has continued with individual counseling sessions at Prairie Ridge Addiction Treatment Services in Mason City. In addition, Defendant participates in "couples counseling" with Shari Kisner. According to a caseworker assigned by the Department of Human Services, *there have been no violent incidents reported since Defendant returned home.* Apparently,

however, Defendant initially did not refill a prescription for psychotropic medication because he "did not feel that he needed the medication, and was functioning well without it." *See* Defendant's Exhibit B. After prompting from DHS, Defendant scheduled an appointment with his family physician and was prescribed antidepressant medication.

According to the pretrial services report, Defendant has prior convictions for assaultive behavior. In January 2006, Defendant was charged with criminal mischief in the second degree and simple assault. While that charge was pending, Defendant was charged with burglary in the first degree, assault using or displaying a weapon, and operating while under the influence. In December 2006, Defendant received suspended prison terms on the criminal mischief charge and a reduced charge of burglary in the third degree. Defendant received short jail terms for simple assault and OWI. Defendant was on probation for the felony charges at the time of the incident which gives rise to the instant charge in March 2008.

According to Deputy Cavett, the Cerro Gordo County Sheriff's Office has been called to Defendant's residence on other occasions involving allegations of violence. Deputy Cavett testified that Shari Kisner told law enforcement officers following the March 13, 2008 incident that there other assaults by Defendant which she had not reported. On one occasion, Defendant allegedly beat Kisner with a golf club. Kisner reported that Defendant had put a gun to her head many times. Defendant has also repeatedly violated a no contact order.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta,* 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling,* 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court

4

must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Significantly, the facts underlying the charge involve the discharge of a weapon "within inches" of his girlfriend's head. Defendant has already pleaded guilty to an identical charge in state court and, therefore, the "weight of the evidence" is strong. Defendant has lived in the northcentral Iowa area all of his life and is not a serious risk of flight. Of concern to the Court, however, is Defendant's repeated violent behavior, culminating in the shooting incident on March 13, 2008. It is undisputed that Defendant did well while at the violators program and has done well since his release, but Defendant's history suggests that he may resort to violence when angered. Defendant was on probation for two state court felonies when he engaged in the actions which give rise to the instant charge. Even if the Court were to impose an alcohol monitoring condition or GPS monitoring, it would not prevent Defendant from drinking and potentially engaging in violence. The Court concludes that Defendant's release prior to trial would pose a danger to Shari Kisner and the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes

that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 27, 2009) to the filing of this Ruling (July 31, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 31st day of July, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA